UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA RAQUEL VENTURA-CLEMENTE,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LaROSE, Senior Warden, Otay Mesa Detention Center, et al.,<br><br>                              Respondents. | Case No.:  26-cv-1474-RSH-DDL<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>[ECF Nos. 1, 2] |

On March 9, 2026, petitioner Susana Raquel Ventura-Clemente filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), as well as a motion for a temporary restraining order ("TRO"). ECF Nos. 1, 2. Petitioner argues that rather than being subject to mandatory detention under 8 U.S.C. § 1225(b), she is entitled to a bond hearing under 8 U.S.C. § 1226(a). ECF No. 1 ¶¶ 22, 50, 51.

On March 17, 2026, Respondents filed a return taking the position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) because she was present in the United States without being admitted or paroled, but "acknowledg[ing] that Courts in this District have repeatedly reached the opposite conclusion." ECF No. 5 at 2, 3 (collecting orders from over a dozen district judges in the Southern District of California).

1

Respondents further "acknowledge[] that the facts in this case are not materially distinguishable for purposes of the Court's determination of which statutory provision authorizes Petitioner's detention [.]" *Id.* at 3.

The Court agrees with Respondents that the cited prior decisions from this District, while not binding precedent, contain rulings that if followed would also control the result here. The Court joins those rulings and determines that Petitioner is entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner's traverse insists that she should be released in lieu of a bond hearing, but given that the Court agrees with Petitioner that 8 U.S.C. § 1226(a) applies here, she is entitled to a bond hearing rather than immediate release.

Accordingly, the Petition is **GRANTED**. Respondents are directed to arrange a bond hearing for petitioner Susana Raquel Ventura-Clemente before an immigration court pursuant to 8 U.S.C. § 1226(a) within ***seven (7) days*** of this order. At this hearing, the government bears the burden of establishing by clear and convincing evidence that Petitioner poses a danger to the community or a risk of flight. The Court declines to issue further declaratory relief.

In light of the foregoing disposition, Petitioner's application for a temporary restraining order [ECF Nos. 1, 2] is **DENIED** as moot.

**IT IS SO ORDERED**.

Dated: March 18, 2026

_____
Hon. Robert S. Huie
United States District Judge

2

26-cv-1474-RSH-DDL